**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ANDRE McEWING                                                                                    PLAINTIFF
ADC # 116327

v.                                          5:12CV00298-DPM-JJV

RANDY SHORES; *et al.*                                                           DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.     INTRODUCTION

Plaintiff, Andrew McEwing, alleges Defendants violated his constitutional rights (Doc. No. 60) and Defendants have filed two separate Motions for Summary Judgment seeking dismissal of these allegations (Doc. Nos. 187, 191). The first Motion is filed on behalf of all Arkansas Department of Correction Defendants ("ADC Defendants") and the second Motion is filed on behalf of all medical Defendants ("Medical Defendants").  Plaintiff has declined to file a response to either Motion and both Motions are now ripe for disposition.

## II.    BACKGROUND

The parties allege differing accounts of events occurring on February 26, 2011.

### A.     Plaintiff's Account

Pursuant to Plaintiff's Amended Complaint (Doc. No. 60), a "staff assault" occurred on February 26, 2011, at the ADC's Varner Unit, Ten Barracks (*Id*. ¶ 23). Along with fifteen other inmates, Plaintiff was marked as one of the assailants. (*Id*. ¶ 24). An emergency response team comprised of Defendants Shores, Hutcheson[1], Cockrell, Hayes, Byers, Washington, Spencer, Banks, and Johnson ("ERT Defendants") entered the barracks on that date and restrained the inmates,

---

[1]It appears the correct spelling is "Hutcheson" despite inconsistences in the record. (Doc. No. 34 at 2).

including Plaintiff. (*Id*. ¶ 28).

Then, Defendant Washington, the hand-held camera operator, was instructed by signal to leave the barracks (*Id*. ¶ 32). Afterwards, the remaining ERT Defendants moved him to the barracks bathroom (*Id*. ¶ 33). Then Defendants sprayed him with mace, struck him with riot batons, and kicked him numerous times. (*Id*. ¶ 36-38).

After the alleged beating, Plaintiff was taken into the hallway outside the barracks and slammed into the metal detectors before being deposited in the shower area of isolation wing four. (*Id*. ¶ 47, 50, 54). He requested a shower to remove the mace from his body, but was denied by Defendants Plummer and Byers. (*Id*. ¶ 56-57).

After the incident, Plaintiff requested blood pressure and diabetic medication from Defendant Newton, but was given only Tylenol (*Id*. ¶ 61). Pursuant to his deposition testimony, he asked Defendant Ables for medication to treat his pain, blood sugar, and hypertension, but was again given only Tylenol (Doc. 193-2 at 43:19-44:2). Defendant Byers denied him unspecified medical attention in retaliation for his earlier altercation with correctional officers, including her husband (Doc. No. 60 ¶ 76). Defendant Byers[2] also visited his cell on two occasions and antagonized him for hurting her husband (Doc. 193, Ex. B. at 36:14-37:1, 44:16-46:5).

B.    **Defendants' Account**

ADC Defendants state that on February 26, 2011, a "shakedown" was initiated in Ten Barracks due to the discovery of a hidden cell phone the previous day (Doc. 189 ¶ 4-6). During the "shakedown," a small group of inmates attacked Captain Deweese - one of two correctional officers conducting the operation (*Id*. ¶ 14-15). As a result, a security detail comprised of Defendants Shores,

---

[2]The Court notes that there are two Defendants with the surname Byers in this action. Defendant J. Byers is a correctional officer. Defendant S. Byers, referenced here, is a nurse.

Byers, and Poe reported to Ten Barracks to provide assistance (*Id*. ¶ 17-18).  On their arrival, they witnessed Plaintiff standing over Captain Deweese and striking him with a closed fist (*Id*. ¶ 20).  A prolonged altercation ensued between correctional officers, Plaintiff, and other inmates, which resulted in injuries to several officers (*Id*. ¶ 21-44).

Eventually, an emergency response team was formed and all inmates were successfully escorted from the barracks (*Id*. ¶ 45-48).  Contrary to Plaintiff's allegations, all the inmates walked out under their own power (*Id*. ¶ 49).  Plaintiff was interviewed after the incident by Special Agent Rick Newton of the Arkansas State Police and did not report the alleged beating which forms the basis of this action (*Id*. ¶ 63-64).  Plaintiff's medical records also provide no evidence to support his excessive force allegations (*Id*. ¶ 65-66).

Medical Defendants assert that Plaintiff received some medication the evening of February 26, 2011, and the remainder on the following day (Doc. 193 ¶ 38).  They state that missing one dose of blood sugar medication would not have harmed his health (*Id*. ¶ 39).

## III.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative

4

evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

The ADC Defendants' arguments, in the order they appear are that: (1) Plaintiff failed to exhaust his administrative remedies as to Defendants Tonda Spencer, Benny Moore, Derrick Jones, Stephen Poe, Roderick Johnson, Patricia Cooley, Mark Stevens, Floria Washington, and Minnie Drayer; (3) they are entitled to sovereign immunity on Plaintiff's official capacity claims; and (4) they are entitled to qualified immunity on Plaintiff's exhausted claims against them in their individual capacity. The Medical Defendants' arguments are that: (1) Plaintiff did not administratively exhaust his claims against them; and (2) Plaintiff cannot establish a valid claim for deliberate indifference against them. The Court will examine the foregoing arguments in turn.

### A.   Exhaustion

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance

procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

At the time of the events giving rise to the current allegations, Administrative Directive 10-32 was controlling (Doc. No. 189-12). The directive requires an inmate who believes he has been wronged to first file an informal resolution (*Id.*). If the inmate is unsatisfied he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, the Deputy Director (*Id.*).

      1.    ADC Defendants

The ADC Defendants state that Plaintiff submitted and exhausted three grievances related to the alleged use of excessive force which forms the basis of this action. These grievances are numbered VSM-11-1081, VSM-11-1083, and VSM-11-2117 (Doc. Nos. 189-4, 189-13). Defendants state that Tonda Spencer[3], Benny Moore, Derrick Jones, Stephen Poe, Roderick Johnson, Patricia Cooley[4], Mark Stevens, Floria Washington[5], and Minnie Drayer[6] were never specifically identified in any of these grievances and should be dismissed on that basis. The Court agrees.

While the failure to specifically identify a prison employee in a grievance is not always fatal to exhaustion, such omission *does* preclude exhaustion where it denies prison officials the

---

[3]Defendant Tonda Spencer is identified on the docket only as "T. Spencer" The Clerk of Court shall change her name to reflect its proper spelling.

[4]Defendant Patricia Cooley is identified on the docket only as "P. Gooley." The Clerk of Court shall change her name to reflect its proper spelling.

[5]Defendant Floria Washington is identified on the docket only as "F. Washington." The Clerk of Court shall change her name to reflect its proper spelling.

[6]Defendant Minnie Drayer is identified as "M L Drayer" on the docket. The Clerk of Court shall change her name to reflect its proper spelling.

opportunity to review a defendant's relevant conduct. *See Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). Here, none of the three grievances which Plaintiff exhausted named the aforementioned Defendants or provided any other indication as to their identities.[7] Moreover, there is no evidence that prison officials reviewed or had reason to review the conduct of those Defendants with regard to Plaintiff's allegations. Accordingly, the Court recommends dismissal without prejudice for Defendants Tonda Spencer, Benny Moore, Derrick Jones, Stephen Poe, Roderick Johnson, Patricia Cooley, Mark Stevens, Floria Washington, and Minnie Drayer, based on Plaintiff's failure to exhaust administrative remedies against them.

2.     Medical Defendants

The Medical Defendants also argue that Plaintiff failed to exhaust administrative remedies against them. They offer Plaintiff's deposition testimony as evidence that he never exhausted any medical grievances related to his allegations against Defendants Ables, Byers, or Newton. Specifically, Plaintiff admitted to filing only a single informal resolution - naming only Defendants Ables and Newton - regarding his medical claims (Doc. 193-2 at 163:15-164:3). Plaintiff goes on to state, however, that he never appealed that informal resolution (*Id.* at 49:2 - 49:10).[8] Based on the foregoing, the Court finds that Plaintiff failed to exhaust his administrative remedies against the Medical Defendants. Accordingly, Defendants Ables, Newton, and Byers should be dismissed

---

[7]The only Defendants who were specifically named in Plaintiff's grievances are Robert Hutcheson, Randy Shores, Steven Cockrell, Billy Hayes, James Banks, and Jared Byers. (Doc. No. 189-4).

[8]Per his deposition testimony, Plaintiff asserts he was unable to convert the informal resolution to a grievance because he had filed too many grievances in one week.(Doc. 193-2 at 49:2-49:4). Plaintiff, by failing to file a response, offers no elaboration on this point. Importantly, the Court notes that there is no evidence indicating Plaintiff could not have elevated the grievance the subsequent week.

without prejudice.[9]

### B.      Sovereign Immunity

ADC Defendants argue that, to the extent Plaintiff seeks money damages against them in their official capacities, those claims are barred by the doctrine of sovereign immunity. The Court agrees. It is well established that a suit against an official in his or her official capacity is akin to a claim against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a suable "person" under 42 U.S.C. § 1983 does not include a state, a state agency, or a state official sued in their official capacity for damages. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). All of the ADC Defendants are indisputably state officials and Plaintiff's official capacity claims for monetary damages against them should be dismissed.

### C.      Qualified Immunity

ADC Defendants argue that they are entitled to qualified immunity on: (1) Plaintiff's excessive force claims against Defendants Robert Hutcheson, Randy Shores, Steven Cockrell, Billy Hayes, James Banks, Mark Allen, and Jared Byers; (2) his denial of shower claim against Defendant James Plummer; and (3) any claim related to loss of personal property against Defendant Jason Price.

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were

---

[9]Although Medical Defendants offer several other arguments which they contend would entitle them to summary judgment on the merits, the United States Court of Appeals for the Eighth Circuit has held it is improper to consider the merits of a case if the defendants have raised an affirmative defense of failure to exhaust administrative remedies. *Barbee v. Correctional Medical Services*, 394 Fed. Appx. 337, 338 (2010). The *Barbee* court specifically held that if "the court determined that the claims were unexhausted, it was required to dismiss them without prejudice." *Id.* (citing *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003)).

unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[10]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

>    1.    Excessive Force Claims

In support of their qualified immunity arguments, ADC Defendants offer video evidence of the February 26, 2011, events. (Doc. 194, Ex. G). The relevant video is seventeen minutes and thirteen seconds long, and shows the Emergency Response Team entering the barracks at approximately 6:39. (*Id.*). Thereafter, inmates are lined against the barracks wall in preparation for placement of restraints. (*Id.*).

The Defendants whom Plaintiff alleges utilized excessive force against him are largely accounted for.[11]  At various points, Defendant Shores is seen in the hallway outside the barracks without a riot baton or any other weapon in hand (*Id.* at 8:36, 10:13). Shortly after the Emergency Response Team enters the barracks, Defendant Hutcheson is seen restraining inmates (*Id.* at 8:20). Some six minutes after the team entered, Defendant Hutcheson can still be seen applying inmate restraints (*Id.* at 12:39).  Defendant Byers first enters the barracks at 15:08, nearly nine minutes after the team enters the barracks (Doc. 194 at 15:08).  They assert that Defendant Stephen Cockrell was present, but was not captured on video as having entered the barracks. (Doc. No. 188 at 14).  Warden

---

[10]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

[11]While it could, at times, be difficult to ascertain which correctional officers on the screen are the Defendants, the physical descriptions in the supporting Brief (Doc. No. 188) were sufficient to allow the Court to establish the relevant Defendants' identities.

James Banks is seen at various points in the hallway outside the barracks. (*Id*. at 12:39, 14:16).[12]

Most fatal to Plaintiff's claims, however, is the footage of his own extraction. At approximately 15:25 Plaintiff can be seen struggling with correctional officers as he is removed from the barracks. (Doc. 194 at 15:25). Contrary to his allegations, he is upright and moving under his own power (*Id*.). There are no visible marks or lacerations on his body[13] which would support his allegations that he sustained a prolonged beating at the hands of Defendants. This video footage, when examined in conjunction with Plaintiff's failure to report the alleged beating to investigators (Doc. No. 189-8) and the lack of traumatic medical evidence (Doc. No. 189-11), convinces the Court that Defendants are entitled to qualified immunity. Notably, Plaintiff has failed to respond to Defendants' current Motions and, therefore, offers no argument which would permit the Court to reconcile the clear discrepancies between his allegations and the evidence now before it.

Based on the foregoing, the Court finds that Defendants Robert Hutcheson, Randy Shores, Steven Cockrell, Billy Hayes, James Banks, Mark Allen, and Jared Byers are entitled to qualified immunity on Plaintiff's excessive force claims.

2.    Shower Claim

Plaintiff asserts that Defendant James Plummer denied him a shower to remove pepper spray from his body (Doc. No. 60 ¶ 56-57). ADC Defendants offer evidence that Defendant Plummer was not at work during the early morning of February 26, 2011, when the incident occurred. (Doc. No. 189-17 ¶ 4-5). Defendant Plummer returned to work at 5:39 P.M. on February 26, 2011, and, therefore, could not have denied Plaintiff a shower in the aftermath of this incident. (*Id*.). The Court

---

[12]ADC Defendants assert that Defendant Mark Allen was not present during the extraction of inmates from the barracks as he was assigned elsewhere. (Doc. No. 188 at 15).

[13]Plaintiff is not wearing a shirt at the time of his extraction.

finds this evidence persuasive and, in the absence of any refuting arguments or evidence from Plaintiff, finds Defendant Plummer entitled to qualified immunity on this claim.

> 3.     Personal Property Claims

Plaintiff alleges that Defendant Jason Price failed to return all of his personal property after the incident (Doc. No. 60 ¶ 71-73). However, as Defendants correctly argue, the intentional deprivation of personal property by a state employee is not a violation of the Due Process Clause if a meaningful post-deprivation remedy for that loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (U.S. 1984). Here, Defendants assert that such remedies are available by way of the Arkansas Claims Commission, and that Plaintiff submitted two such claims in connection with the February 26, 2011, incident (Doc. 189-19). The Court therefore finds that Plaintiff's loss of property claims fail to state a constitutional violation and Defendant Price is entitled to qualified immunity.

## V.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.     The Clerk of Court alter the docket to reflect that Defendant "T. Spencer" is appropriately "Tonda Spencer," that Defendant "P. Gooley" is appropriately "Patricia Cooley," that Defendant "F. Washington" is appropriately "Floria Washington," that Defendant "Hucherson" is appropriately "Robert Hutcheson," and that Defendant "M. L. Drayer" is appropriately "Minnie Drayer;"

2.     Defendants' Motions for Summary Judgment (Doc. Nos. 187, 191) be GRANTED;

3.     Defendants Tonda Spencer, Benny Moore, Derrick Jones, Stephen Poe, Roderick Johnson, Patricia Cooley, Mark Stevens, Floria Washington, and Minnie Drayer be DISMISSED without prejudice based on Plaintiff's failure to exhaust administrative remedies against them;

4.     Defendants  Robert Hutcheson, Randy Shores, Steven Cockrell, Billy Hayes, James

Banks, Mark Allen, Jared Byers, James Plummer, and Jason Price be DISMISSED with prejudice;

5.      Defendants Gene Carol Ables, S. Byers, and Newton be DISMISSED without prejudice based on Plaintiff's failure to exhaust administrative remedies against them.

IT IS SO RECOMMENDED this 21st day of November, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE