IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANDRE McEWING                                                                                             PLAINTIFF
ADC # 116327

v.                                            5:12CV00298-DPM-JJV

RANDY SHORES; *et al.*                                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.Why the record made before the Magistrate Judge is inadequate.

2.Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Plaintiff, Andre McEwing, alleges violations of his constitutional rights (Doc. No. 60). The undersigned previously recommended dismissal of all Mr. McEwing's claims. (Doc. No. 195.) Mr. McEwing filed a late response to the Motion for Summary Judgment (Doc. No. 201), so some of his claims were referred back for further consideration. (Doc. No. 203 at 3.)

Remaining are Mr. McEwing's excessive force claims against Defendants Hutcheson, Shores, Cockrell, Hayes, Banks, Allen, and Jared Byers and a deliberate indifference claim against Defendant Plummer. (Doc. Nos. 203 at 4, and 211.) Mr. McEwing's claims arise from a February 26, 2011, prison disturbance. Mr. McEwing admits he got into a physical altercation with prison officials and a riot erupted in the 10 Barracks. The inmates eventually surrendered to the correctional officers, but as retribution for injuring officers, Defendants sprayed Mr. McEwing with mace and beat him to semi-consciousness. (Doc. No. 60.)

In fully considering the remaining claims, the Court held a pre-jury evidentiary hearing on December 30, 2014. See *Johnson v. Bi-State Justice Center*, 12 F.3d 133, 135 (8th Cir. 1993). In considering the merits of this matter, the Court has carefully considered the testimony from the hearing, the video evidence presented at the hearing, and the pleadings and evidence in support of the pleadings. As required by the pre-jury process, the Court makes no credibility findings in

rendering its decision. Based on a careful review of the information before the Court in this matter, it is recommended that all of McEwing's remaining claims be dismissed.

## II. ANALYSIS

### A. Excessive Force Claims

The uncontroverted video evidence presented at the December 30, 2014, hearing leads the Court to conclude the excessive force claims should be dismissed. See *e.g.*, *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). At the hearing, Defendants presented the previously submitted video (Doc. No. 190-2), with the benefit of both Plaintiff and Defendants describing their recollections of the events as compared to the video evidence. Defendants also provided a new video from a stationary camera in the hallway in front of 10 Barracks. (Defs.' Hrg. Ex. 1). And after very close scrutiny of the video evidence and testimony about these events, the Court concludes that it is impossible for the events portrayed in Mr. McEwing's Amended Complaint to have occurred as he alleges.

Mr. McEwing makes very specific allegations about what transpired on February 26, 2011. His Amended Complaint alleges that after all other inmates had been removed from 10 Barracks, a "signal was given" to Ms. Washington to exit the barracks with the hand held video camera. (Doc. No. 60 at 10.) Once Washington and all other inmates were outside of 10 Barracks, Defendants lifted Mr. McEwing off the floor and dragged him to a "secluded bathroom area of 10 barracks" while "[t]wo or three of the Defendants threw trashcans [*sic*] and yelled 'don't resist'. . ." as a ruse to begin using force against him. (*Id.*) Defendants then sprayed mace in Mr. McEwing's face and "began striking [and kicking] plaintiff with riot batons in the neck, shoulder, torso, legs and feet area." (*Id.* at 11.) McEwing states, "The Defendants struck plaintiff upwards of 150 plus times with the riot batons about his entire body for approximately 5 minutes or so" until he was only semi-conscious. (*Id.* at 11-12.) He was brutalized and asked sadistic questions. (*Id.*) Unable to respond

to their questions, "Shores kicked plaintiff in the mouth with his boot." (Doc. No. 60 at 10-12.) "This kick triggered the Defendants to begin striking plaintiff again repeatedly with riot batons about his entire body" with another "100 plus blows." (*Id.* at 12.) Defendants then dragged him through 10 Barracks and into the hallway where they slammed him into the metal detector. (*Id.* at 13.) They inflicted more harm until they eventually dragged Mr. McEwing to "isolation 4 area." (*Id.* at 13-14.)

Although the video shows very little of what exactly was happening to Mr. McEwing in 10 Barracks, the video evidence confirms it would have been impossible for all these events to have occurred in the time available. Mr. McEwing's Amended Complaint states it was not until all inmates were removed from 10 Barracks that the excessive force occurred. (*Id.* at 10.) Mr. McEwing also confirmed this at the hearing. Yet, the video shows only twenty-five seconds elapsed from the time the last inmate was removed from 10 Barracks (Doc. No 190-2, 14:54) to the guards lifting Mr. McEwing off the floor (*Id.* at 15:19). While the video (with sound) does not capture much of what occurred *inside* Barracks 10, it would have unquestionably captured Defendants throwing trash cans and shouting "don't resist." Neither of these events occurred. And the video of McEwing's extraction completely contradicts his allegations. The video shows Mr. McEwing fully conscious and resisting officers. There are no visible marks or lacerations on his body nor any marks to his face that would support an allegation that he was kicked. Additionally, although a small point, the video reveals no signal was given to Ms. Washington to exit the barracks. She was recording video from the hall and through the 10 Barracks windows the entire time.

At the hearing, Mr. McEwing agreed with the Court that it seemed impossible for the events he alleged to have happened in only twenty-five seconds. When asked to explain this discrepancy, he suggested that the video evidence had been altered. Accordingly, Plaintiff's excessive force claims could not have occurred as alleged and should be dismissed in their entirety.

Given this conclusion, the Court also believes Defendants are entitled to qualified immunity. To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001). Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009). Because the events alleged could not have happened in 25 seconds, the facts alleged, construed in the light most favorable to the plaintiff, establish no violation of a constitutional or statutory right.

In addition, the Court makes the following findings:

    1.    Defendant Shores

According to the video evidence, and confirmed by Mr. McEwing, Defendant Shores was not the assailant as alleged in the Amended Complaint. After being confronted with Defendants' Hearing Exhibit 1, Mr. McEwing admitted that he was wrong about Defendant Shores being his attacker. Exhibit 1 shows - now Major - Shores almost entirely in the hallway supervising events. Mr. McEwing stated he was unable to see exactly who had harmed him after being sprayed with mace and that Defendant Hutcheson incorrectly told him Shores was his attacker. While Mr. McEwing believes his case against Shores should continue because he allowed the beatings to occur, his Amended Complaint makes no such allegation. Defendant Shores should therefore be dismissed.

    2.    Defendants Cockrell, Byers, and Banks

The video proves Defendant Cockrell was not at all inside Barracks 10, and that Defendants

Byers and Banks were almost exclusively outside the barracks supervising. (Defs.' Hrg. Ex. 1.) While Mr. McEwing stated at the hearing that he sued them because they sat by and watched, this is not alleged in his Amended Complaint. Rather, Mr. McEwing very specifically identifies these defendants as having used excessive amounts of mace, and unlawfully beating and kicking him. (Doc. No. 60 at 10, 20). The video evidence reveals this did not happen and these defendants should be dismissed.

### 3. Defendant Allen

The video also reveals that Defendant Allen never entered 10 Barracks and Mr. McEwing confirms this fact. But at the hearing, Mr. McEwing stated he sued Allen for not allowing him to shower after being sprayed with mace. In his Amended Complaint, however, McEwing fails to state such a claim against Allen. He only alleges that Allen and others kicked and beat him with riot batons and used excessive amounts of mace. (*Id.* at 20.) By McEwing's own admission, this did not happen. Defendant Allen should, therefore, be dismissed.

### 4. Defendants Hutcheson and Hayes

Unlike the other defendants, the video evidence does not account for the exact whereabouts of Hutcheson and Hayes. Defendant Hutcheson entered 10 Barracks as a part of the entry team and remained inside the barracks until Mr. McEwing was removed. Defendant Hayes entered the barracks at some point after the entry team and remained inside the barracks for an undetermined period of time. Although Defendants Hutcheson and Hayes both testified at the hearing and denied any wrongdoing, it would be inappropriate for the Court to make credibility determinations from a pre-jury evidentiary hearing. So except for the general assessment *infra* that Mr. McEwing's claims, as alleged, could not have happened, the Court finds no additional basis for the specific dismissal of Defendants Hutcheson and Hayes.

B.     **Deliberate Indifference Claim**

Mr. McEwing has sued Defendant Plummer for his refusal to allow him to shower after he was sprayed with mace. (Doc. No. 60 at 15.) This Court previously recommended dismissal based on Defendant Plummer's Motion for Summary Judgment where time records showed he was not present at the time of alleged events. (Doc. No. 189-17.) However, at the Pre-jury Evidentiary Hearing, Plummer admitted the time records were incorrect and he was in fact present. He testified that he was stationed at Isolation 4 where guards brought Mr. McEwing after he was extracted from 10 Barracks. McEwing requested a shower and Plummer was not allowed to authorize the request. Plummer stated he was instructed to keep all inmates in place but supervised McEwing only for about forty-five minutes because Plummer's shift ended. There is no dispute about these facts. The dispute is whether or not Plummer intended to inflict harm on McEwing because he injured another officer.

Because the Court believed he was not working at the time of these events, the Court never reached the other basis upon which Plummer defended his Motion for Summary Judgment. The Court will now address that argument.

Defendant Plummer argues that Mr. McEwing fails to state a claim of deliberate indifference to a serious need because he was given another means to rinse off the mace. (Doc. No. 188 at 15-16.) In his deposition, Mr. McEwing states he had a plastic water bottle and was allowed unlimited access to a water fountain. (Doc. No. 189-16 at 17). And given the video evidence of the complete chaos surrounding the riot and its aftermath, it was not unreasonable for prison officials to restrict movement of the inmates. Additionally, 10 Barracks was in complete shambles and considered a crime scene, so inmate placement was unquestionably an issue. Therefore, requiring Mr. McEwing to stay in place and not proceed with a shower was reasonable. This is especially true when Mr.

McEwing was provided access to a water fountain and a bottle to assist him to decontaminate. Therefore, the Court concludes there is no claim of deliberate indifference against Defendant Plummer.

IV. **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. This case be DISMISSED with the following specific recommendations:

    a. Plaintiff's excessive force claims against Defendants Robert Hutcheson, Randy Shores, Steven Cockrell, Billy Hayes, James Banks, Mark Allen, and Jared Byers be DISMISSED with prejudice;

    b. Plaintiff's claim of deliberate indifference against James Plummer be DISMISSED with prejudice;

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 6th day of January, 2015.

                                          /s/ Joe J. Volpe
                                          JOE J. VOLPE
                                          UNITED STATES MAGISTRATE JUDGE